

FILED
TIME: 3:53 p.m.
AUG 1 2 2005
JAMES BONINI, Clerk
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

Case No. C2-04-092
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

JOHN DOE, Representative of the Estate of
JOHN M. SCHLICHTER, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on former-Defendant Dan A. Schlichter's Motion to Dismiss Defendant Donna H. Pendleton's Cross-Claim against him. For the reasons that follow, the Motion to Dismiss is **DENIED**.

### I.

Between 1990 and 2002, a delegate of the Secretary of the Treasury repeatedly assessed unpaid income taxes, unemployment taxes, agricultural taxes, penalties, and interest payments against John Max Schlichter (hereinafter "Taxpayer"). For each violation, the Internal Revenue Service instituted a separate Notice of Federal Tax Lien for the unpaid federal tax liability assessed against the Taxpayer's estate.[1] The United States asserts that these liens are valid.

---

[1] Taxpayer died on September 3, 2002. John Doe is the personal representative of the Estate of Taxpayer and is a Defendant in this action.

1

The federal tax liens attached to the Taxpayer's one-half remainder interest in a piece of property located in Fayette County, Ohio. The Taxpayer conveyed this interest in property to his wife, Donna Schlichter. The other one-half interest in the property was held by Dan Schlichter. Donna and Dan Schlichter conveyed the property by general warranty deed to Donna Pendleton on January 18, 2002. In the deed, they warranted to her that they had free and clear title and agreed to indemnify and defend said title against all claims. (Pendleton Answer & Cross-Claim, Exh. A.)

The United States brought an action to foreclose the subject property and collect the unpaid tax liens. It sued, among others, the Taxpayer, Donna Schlichter, and Dan Schlichter. The parties stipulated on November 1, 2004 that Dan Schlichter has no right, title and interest in the subject property and agreed to dismiss him. Several weeks later, on December 20, 2004, the United States filed an Amended Complaint and added Donna Pendleton to the action.

In response to being named as a Defendant in the case, Ms. Pendleton answered the Amended Complaint and filed a Cross-Claim against both Donna Schlichter and now dismissed-Defendant, Dan Schlichter, to indemnify herself from the United States' claim. Dan Schlichter moved for his dismissal from the Cross-Claim. This matter is now before the Court on Dan Schlichter's Motion to Dismiss.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The Court is

authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.

Defendant Donna Pendleton has filed a document she has labeled as a Cross-Claim against Defendant Donna Schlichter and former-Defendant Dan Schlichter. Because, at the time the Pendleton asserted the pleading, Dan Schlichter was a non-party, the Cross-Claim is governed by Fed. R. Civ. P. 13(h). Rule 13(h) provides that "[p]ersons other than those made parties by the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." As pertinent here, Rule 20(a) provides as follows:

> . . . All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

3

Initially, the Court is guided by the general principle that, under the Federal Rules of Civil Procedure, the rights of all parties generally should be adjudicated in one action. *LASA Per L' Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969). Rule 13 is remedial in nature, and must be construed liberally. *Id.* The Rules permitting cross-claims and counter-claims are intended "'to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically.'" *Id.* (quoting *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952)). Rule 13(h) authorizes the Court to join additional persons in order to adjudicate the cross-claim that is already before the Court or one that is being asserted at the same time the addition of a nonparty is sought. "This means that a . . . cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1435, at 270-71.

Defendant Donna Pendleton seeks indemnification for the federal tax lien on the land she recently acquired from former-Defendant Dan Schlichter and Defendant Donna Schlichter. Pendleton too alleges that, because former-Defendant Dan Schlichter co-signed the general warranty deed from which she takes her interest in the property, he participated in the land transaction. Thus, pursuant to Rule 20, a common question of law or fact exists and the claim arises out of the same transaction, occurrence or series of transactions or occurrences. If the United States ultimately is successful in foreclosing against Donna Pendleton's interest in the property, she should be able to pursue her action to hold Donna Schlichter and Dan Schlichter jointly and severally liable for resulting damages in a single lawsuit. In order to ensure full adjudication of the rights of all parties

to this action, including Defendant Pendleton, and to discourage multiplicity of litigation, Dan Schlichter may be permissively re-joined in this action. Whether Dan Schlichter had any interest to convey, and thus whether he is ultimately liable to Defendant Pendleton, are matters of proof that Ms. Pendleton will eventually be will be required to satisfy. At this juncture, however, the Motion to Dismiss the counter-claim pursuant to Rule 12(b)(6) is without merit.

### IV.

For the foregoing reasons, former-Defendant Dan A. Schlichter's Motion to Dismiss (Doc. #42) is **DENIED**. The Court also notes that Defendant/Cross-Claimant Donna Pendleton moved to stay a decision on the United States' pending Motion for Summary Judgment pending resolution of the issues regarding the propriety of the Cross-Claim against Dan Schlichter. Because that issue has been resolved by this Opinion and Order, the Motion to Stay (Doc. #55) is **DENIED**.

**IT IS SO ORDERED.**

_8-12-2005_
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

5