IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

    Case No. C2-04-092
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Terence P. Kemp

JOHN DOE, Representative of the Estate of
JOHN M. SCHLICHTER, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the United States' Motion for Partial Summary Judgment. The United States moves for partial summary judgment on the grounds that the federal tax liens against John Max Schlichter, now deceased, attached to the one-half interest in the subject real property described in the United States' Complaint. Defendant, Donna H. Pendleton, opposes the Motion. For the reasons that follow, the United States' Motion for Partial Summary Judgment is granted in part and denied in part.

### OVERVIEW

The United States bring this action to establish the validity of the federal tax liens upon all property and rights to property owned by John Max Schlichter, deceased. The United States also seeks to foreclose its federal tax liens on a one-half interest in certain real property located in Fayette County (hereinafter "subject property") once owned by John Max Schlichter and transferred to the Defendant, Donna Sue Schlichter and thereafter to Donna H. Pendleton. The United States also

1

seeks a determination on the validity and respective interests of the Defendants in the subject property and the relative priority of the claims against the subject property. The United States seeks to foreclose upon the subject property and to sell it at a judicial sale so that it may apply the proceeds in accordance with the rights of the parties.

### I.

John Max Schlichter and Defendant Donna Sue Schlichter were married on December 31, 1992. On May 8, 1997, John Max Schlichter's father, Arthur C. Schlichter, passed away. In the course of Arthur C. Schlichter's estate, the Fayette County Probate Court directed the transfer of the full interest in over 100 acres of property located in Fayette County, Ohio as follows: life estate to Esther R. Schlichter, one-half remainder interest to Dan A. Schlichter, and one-half remainder interest to John Max Schlichter. (See Davis Decl. Exh. 5.) The Certificate of Transfer issued by the Probate Court was recorded with the Fayette County Recorder on June 8, 1998.

Esther R. Schlichter passed away on October 13, 1999, thereby terminating her life estate in the subject property. Therefore, Dan Schlichter and John Max Schlichter each held an one-half present interest in the subject property. John Max Schlichter conveyed his one-half interest to his wife, Donna Schlichter by quit claim deed dated January 27, 2000. The quit claim deed was recorded with the Fayette County Recorder on March 17, 2000. Donna Schlichter did not pay any money or provide other consideration for her husband's one-half interest in the property.

Previously, John Max Schlichter filed a petition under Chapter 12 of the Bankruptcy Code on March 23, 1992, with the United States Bankruptcy Court for the Southern District of Ohio, Case

No. 2:98-bk-22233.[1] The bankruptcy petition was dismissed on February 16, 1995. Thus, John Max Schlichter's bankruptcy was dismissed before he acquired his interest in the subject property.

Between 1990 and 2002, a delegate of the Secretary of the Treasury assessed unpaid income taxes, unemployment taxes, agricultural taxes, penalties, and interest payments against John Max Schlichter. For each violation, the Internal Revenue Service instituted a separate Notice of Federal Tax Lien for the unpaid federal tax liability assessed against the Schlichter's estate.[2] The United States asserts that these liens are valid.

Specifically, the United States contends that John Max Schlichter transferred his one-half interest in the subject property to his wife, Donna Schlichter, subject to the federal tax liens for the income tax liabilities for the tax years 1991 and 1992.[3] Notices of Federal Tax Lien for the income tax liabilities for the tax years 1991 and 1992 were recorded with the Fayette County Recorder on February 29, 1996. Notice of Federal Tax Lien for the income tax liability for the tax year 2000 was recorded with the Fayette County Recorder on November 5, 2001.[4]

---

[1] The United States has provided a copy of the Bankruptcy Court's docket. The Court takes judicial notice of the fact that John Max Schlichter filed a Chapter 12 Petition on March 23, 1992 and the proceedings were dismissed on February 16, 1995. Fed. R. Evid. 201.

[2] John Max Schlichter died on September 3, 2002. The Plaintiff sues John Doe as the personal representative of the Estate of Schlichter, even though one as not been appointed, and is a Defendant in this action.

[3] Originally, the United States took the position that Defendant, Donna Pendleton, took the property subject to John Max Schlichter's 1995 unpaid federal income taxes. Upon further review, however, the United States discovered that the IRS had mistakenly filed the Notice of Federal Tax Lien in Franklin County, Ohio, not Fayette County. The Government now therefore concedes that Pendleton did not take the property subject to Schlichter's 1995 federal income taxes.

[4] The United States also contends that John Max Schlichter was liable for certain unemployment tax liabilities for the tax periods ending December 31, 1989, 1991, 1992, 1993, and employment tax liabilities for the tax periods ending December 31, 1991, 1992, 1993, 1994 and 1995. The United States argues that Pendleton purchased the property subject to certain of these unemployment and employment taxes, but other others "self-released" by operation of 26 U.S.C. § 6323. The record is

3

By warranty deed dated January 18, 2002, Donna and Dan Schlichter then transferred their interest in the subject property to Donna Pendleton for a total purchase price of $272,514.[5] The preliminary title report, based upon a search from February 1962 to January 4, 2002, did not reveal the federal tax liens against John Max Schlichter even though such liens were of public record in the Fayette County Recorder's Office.[6] The preliminary report, however, did show two liens to the Ohio Department of Taxation against him. Accordingly, the Escrow Agreement provided that the title company would be permitted to withhold at least $34,000.00, from Donna Schlichter, in escrow until the two Ohio Department of Taxation liens were released. No agreements were reached with respect to the outstanding federal tax liens against John Max Schlichter. Donna Schlichter received a disbursement in the amount of $91,816.39 from the closing proceeds.

The United States contends that Donna Schlichter transferred her interest in the property subject to the federal tax liens for Schlichter's federal income tax liabilities for the tax years 1991, 1992 and 2000. Thus, the United States argues that Defendant, Donna Pendleton, acquired the subject property after the filing of the Notices of Federal Tax Liens and thus subject to those liabilities.

John Max Schlichter died on September 3, 2002. He did not leave an estate and no will of his has been admitted to probate. His liability to the United States for federal income taxes for the

---

altogether unclear as to the Government's argument for summary judgment as it relates to these unemployment and employment taxes. Pendleton, at least, asserts that the "Government has limited its claim to John Max Schlichter's income tax liabilities. . . ." (Pendleton's Mem. in Opp. (Doc. #55), at p. 2.) Because the question of liability for employment and unemployment taxes remains in dispute, the United States' Motion for Partial Summary Judgment as it relates to these claims, to the extent the Government seeks it, is **DENIED**.

[5] The warranty deed was recorded in Fayette County on January 23, 2002.

[6] The title agency is not a party to this action.

years 1991, 1992 and 200 remains unpaid in the total amount of $113,641.97 plus statutory additions and interest from June 17, 2005.

On February 4, 2004, the United States brought an action to foreclose the subject property and collect the unpaid tax liens. It sued, among others, the Estate of John Max Schlichter, Donna Schlichter, and Dan Schlichter. The parties stipulated on November 1, 2004 that Dan Schlichter has no right, title and interest in the subject property and agreed to dismiss him. Several weeks later, on December 20, 2004, the United States filed an Amended Complaint and added Donna Pendleton to the action.

In response to being named as a Defendant in the case, Pendleton answered the Amended Complaint and filed a Cross-Claim against both Donna Schlichter and then dismissed-Defendant, Dan Schlichter, to indemnify herself from the United States' claim. Dan Schlichter moved for his dismissal from the Cross-Claim. By previous Order of this Court, Dan Schlichter was permissively re-joined in this action to ensure full adjudication of the rights of all parties, including Defendant Pendleton, and to discourage multiplicity of litigation.

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary

judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

### III.

A. **The federal tax liens attach to all property and rights to property of John Max Schlichter**

Section 6321 of the Internal Revenue Code provides that if any person liable to pay any tax

6

neglects or refuses to pay after demand, the amount of the tax "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Section 6322 of the Code provides that the lien imposed by Section 6321 arises upon the assessment of the tax and continues "until the liability . . . is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

Federal law governs the scope of the federal tax lien statute. Courts "look[] initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." *Drye v. United States*, 528 U.S. 49, 51 (1999). "The statutory language authorizing the tax lien is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985). The tax lien attaches not only to property at the time the assessment lien arises but to all subsequently-acquired property. *See United States v. McDermott*, 507 U.S. 447, 453-54 (1993)(holding that federal tax lien filed before judgment debtors acquired real property had to be given priority in that after-acquired property; the filing of notice renders the federal tax lien extant for "first in time" priority purposes regardless of whether it has yet attached to identifiable property).

1.      **Statute of Limitations**

Section 6502 of the Code provides, with respect to the statute of limitations for collection actions:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun–

    (1)  within 10 years after the assessment of the tax . . .

26 U.S.C. § 6502.

In this case, the dates of assessment for the 1991 and 1992 federal tax liens against John Max Schlichter were January 11, 1993 and April 12, 1993, respectively. Defendant Donna Pendleton argues that the federal tax liens did not attach to the subject property because the ten-year statute of limitations expired with respect to Schlichter's 1991 and 1992 tax liabilities. She maintains that the ten-year statute of limitations on the liens arising on these assessments ran on January 11, 2003 and April 12, 2003, respectively. Because the Complaint in this case was not filed until February 4, 2004, Pendleton argues that the action is time barred with respect to the 1991 and 1992 federal tax liens.

The United States counters that the ten-year period of limitations for the government to collect the unpaid federal tax liabilities assessed against John Max Schlichter was extended by the period of time he was in bankruptcy, plus an additional six months. In support of this assertion, the United States relies on 26 U.S.C. § 6503(h), which applies with respect to cases under Title 11, the bankruptcy code, and states as follows:

> The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and--
>
>   (1)  for assessment, 60 days thereafter, and
>
>   (2)  for collection, 6 months thereafter.

26 U.S.C. § 6503(h).[7]

---

[7] Defendant Pendleton asserts that the United States cannot rely on 26 U.S.C. § 6503(**b**), which relates to tolling of the statute of limitations when the assets of taxpayer are in control or custody

John Max Schlichter filed a petition under Chapter 12 of the Bankruptcy Code on March 23, 1992. The petition was dismissed on February 16, 1995. Schlichter was in bankruptcy for 1,060 days, or 2 years, 10 months and 24 days. Accordingly, by operation of 26 U.S.C. § 6503(h), the ten-year period of limitations was extended for this amount of time, plus an additional six months, for a total of 3 years, 4 months and 24 days.

Defendant Pendleton argues that the real property was not in the custody of the bankruptcy court, and in fact, John Max Schlichter had not yet acquired the real property at issue in this case at the time he was in bankruptcy from March 1992 to February 1995.[8] Under these circumstances, Defendant Pendleton argues that Section 6503 does not toll the ten-year statute of limitations.

The plain meaning of the statute indicates that 26 U.S.C. § 6503(h) applies to the period in which the Secretary is prohibited from attempting to collect by operation of the automatic stay or other order of the bankruptcy court. *See In re Klingshirn*, 147 F.3d 526 (6th Cir. 1998)(applying plain meaning of the statute in the context of determining application of Section 6503(h) to suspend statute of limitations for installment agreements). Section 6503(h) does not, nor could it, relate to the location or availability of assets and property that the debtor-taxpayer may later acquire or have possession of once the actual collection activity begins. Accordingly, the Court rejects Defendant Pendleton's argument that Section 6305(h) does not toll the statute of limitations as to property not

---

of court and provides that "[t]he period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States . . . ." Pendleton argues that the subject property was never in the "control" of the Bankruptcy Court because John Max Schlichter had not yet acquired it and did not, in fact, acquire even his life interest until after his bankruptcy when his father died in 1997. The United States, however, does not contend that this Section applies and instead relies on Section 6503(h), as set forth above.

[8] Again, his father, Arthur Schlichter, did not pass away until May 8, 1997.

9

subject to bankruptcy court's control.

The ten-year period of limitations for collections from the 1991 and 1992 assessments would have lapsed on January 11, 2003 and April 12, 1993, respectively. Because John Max Schlichter's bankruptcy suspended the limitations for 3 years, 4 months and 24 days, the limitations period was extended into 2006.[9] The Complaint in this case was filed on February 4, 2004, well before the 2006 deadline.

### 2. Traceable Interest and Attachment of Tax Liabilities

Upon the death of his parents, Schlichter obtained a one-half interest in the subject property, as reflected by the Affidavit in Aid of Title dated March 21, 2000. See Decl., Ex. 6. In this instance, the federal tax liens against Schlichter arose upon their respective dates of assessment, and attached to all property and rights to property of Schlichter, then owned or thereafter acquired, including his interest in the subject property, pursuant to 26 U.S.C. § 6321. The federal tax liens against Schlichter remained on his interest in the subject property, even when he transferred his one-half interest in the subject property to Donna Sue Schlichter by quit claim deed dated January 27, 2000. The transfer of property subsequent to the attachment of the lien does not affect the lien, for "'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere . . . .'" *United States v. Bank of Celina*, 721 F.2d 163, 167 (6th Cir. 1983) (quoting *United States v. Bess*, 78 357 U.S. 51, 55-57 (1958)). It makes no legal difference whether Schlichter held the property for a minute or for years. *See United States v. Craft*, 140 F.3d 638, 643 (6th Cir. 1998) (federal tax lien attached to one-half interest in real property owned by taxpayer "for a moment in time"), *rev'd on other grounds*, 535 U.S. 275 (2002).

---

[9] The time during which John Max Schlichter was in bankruptcy, plus 6 months.

The United States has demonstrated that it filed appropriate Notices of Federal Tax Liens with respect to John Max Schlichter's 1991, 1992 and 2000 federal income tax liabilities. The purpose of a Notice of Federal Tax Lien is to protect certain interests enumerated in Section 6323 of the Internal Revenue Code from the "secret lien" which arises at the time an assessment is made by the IRS with notice and demand. See 26 U.S.C. §§ 6321, 6322. To ensure that the tax lien has priority over certain interests or encumbrances as set forth in 26 U.S.C. § 6323(a), the IRS must file a Notice of Federal Tax Lien. If the Notice of Federal Tax Lien is not filed, the tax lien is not valid against any purchaser, holders of security interests, mechanic's lienors or judgment lien creditors. See 26 U.S.C. § 6323(a).

As such, the transfer of Schlichter's one-half interest in the subject property by quit claim deed dated January 27, 2000 to his then-wife Donna Schlichter, was subject to the federal tax liens for the income tax liabilities assessed against Schlichter for the tax years 1991 and 1992.[10] Thereafter, Donna Pendleton acquired the subject property by warranty deed dated January 18, 2002, which was after the filing in the Fayette County Recorder's Office of the Notices of Federal Tax Liens which occurred on February 29, 1996. As such, she took the property subject to the federal tax liens for the unpaid federal income tax liabilities assessed against Schlichter for the tax years 1991, 1992 and 2000.

**B.     Foreclosure and Judicial Sale**

The United States seeks to collect John Max Schlichter's assessed tax liabilities by

---

[10] The United States apparently contends that Donna Schlichter took the property from her husband, John Max Schlichter, encumbered by certain employment and unemployment taxes. The Government concedes, however, that certain of these taxes "self-released" and did not pass to Pendleton. These matters are not addressed by this Opinion and Order. See supra note 4.

foreclosing its liens on his one-half interest in the subject property. This relief is provided by Section 7403 of the Internal Revenue Code which authorizes the United States to bring suit to enforce its lien and "subject any property, of whatever nature," in which the delinquent taxpayer has any right, title or interest. 26 U.S.C. § 7403(a). Section 7403(b) provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." 26 U.S.C. § 7403(b).

The Court concludes that genuine issues of material fact remain for resolution before the United States may foreclose upon the one-half interest of the subject property traceable to John Max Schlichter. Section 7403(c) provides as follows:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c).

This Court is not satisfied that all of the interested parties have been fully notified and heard on all matters involved for adjudication in this case. The Court therefore declines to issue the final order of foreclosure and judicial sale. Issues as to liability and the merits of the cross-claim between the Pendleton and Donna and Dan Schlichter have not come before the Court for final determination. Dan Schlichter, in fact, only recently became rejoined in this case. Further, matters involving additional funds, and the parties' liabilities relating to John Max Schlichter's unpaid employment and unemployment taxes remain unresolved. For these reasons, the United States' Motion for Partial Summary Judgment, as it relates to final foreclosure and judicial sale, is **DENIED** at this juncture.

## IV.

For the foregoing reasons, the United States' Motion for Partial Summary Judgment (Doc. #52) is **GRANTED IN PART AND DENIED IN PART**. This Opinion and Order is limited in its application to the legal conclusions that the ten-year statute of limitations did not run so as to bar this action relating to the John Max Schlichter's federal income tax liens; and that the federal income tax liens encumbered the property in Fayette County during its transfers such that Pendleton took the property subject by these liens. This Opinion and Order does not resolve the issues of the United States' claim respecting John Max Schlichter's unpaid employment and unemployment taxes. Similarly, because the Court finds the record under- developed with regard to final foreclosure and judicial sale, these issues too are left for further disposition.

This matter is hereby scheduled for a **STATUS CONFERENCE** on **APRIL 18, 2006** at **10:30 A.M.** in the chambers of the undersigned for purposes of discussing the foreclosure and to establish a schedule to bring this matter to final resolution.

**IT IS SO ORDERED.**

_3-27-2006_
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE