IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

Case No. C2-04-092
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

JOHN DOE, Representative of the Estate of
JOHN M. SCHLICHTER, et al.,

    Defendants.

## OPINION AND ORDER

      This matter is before the Court for consideration of Defendant/Cross-Claimant Donna H. Pendleton's Motion for Reconsideration of the Court's previous Opinion and Order granting the United States' Motion for Partial Summary Judgment. In its previous Opinion, the Court found that, pursuant to 26 U.S.C. § 6503(h), Max Schlichter's bankruptcy suspended the ten-year period of limitations for the Internal Revenue Service ("IRS") to collect on his unpaid federal income tax liabilities for the tax years 1991 and 1992, and that Pendleton took the property at issue in this case subject to the tax liens for the unpaid federal income tax liabilities assessed against Schlichter for the tax years 1991, 1992, and 2000. In the instant Motion, Pendleton again asserts that the applicable ten-year statute of limitations expired and thus, the United States is barred from seeking to foreclose on the subject property. She does not move pursuant to any particular rule of civil procedure, but instead suggests that the Court should now consider additional facts and law that are pertinent to the

issues raised and already addressed in analyzing the United States' Motion. Because Pendleton has provided no basis upon which the Court could find it appropriate to modify or set aside any portion of its previous Opinion and Order, nor has she demonstrated that the decision was clearly erroneous or contrary to law, her Motion is **DENIED**.

In its previous Opinion and Order, the Court found that the ten-year period of limitations for the government to collect the unpaid federal tax liabilities assessed against John Max Schlichter for the years 1991 and 1992 was extended by the period of time he was in bankruptcy, plus an additional six months. The Court referred to 26 U.S.C. § 6503(h) and held that it applied with respect to Schlichter's case under Title 11 the bankruptcy code.[1]

Here, and as she did in response to the United States' previous Motion, Pendleton relies on 26 U.S.C. § 6503(b) to support her argument that the period of limitations was tolled only from the date that Schlichter filed his bankruptcy petition to the date of the 341 meeting of creditors.[2]

---

[1] 26 U.S.C. § 6503(h), upon which the United States relies and the Court previously referred, provides as follows:

> The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and--
>
> (1)  for assessment, 60 days thereafter, and
>
> (2)  for collection, 6 months thereafter.

26 U.S.C. § 6503(h).

[2] Section 6503(b), upon which Pendleton relies, provides as follows:

> The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

Pendleton maintains that, after the creditors' meeting, Schlichter's assets were no longer in control of the bankruptcy court.[3] Pendleton argues that the IRS was no longer prohibited from collecting pursuing payment from Schlichter as of the date of the creditors meeting, not the date the petition was dismissed and he was discharged. The IRS counters that Section 6503(b) has no application to this case and that, instead, Section 6503(h) applies to suspend the statute of limitations during the time it was statutorily prevented from collecting, plus an additional six months thereafter.

The statute of limitations set forth in the Internal Revenue Code for collection explicitly contemplates the effect of an intervening bankruptcy during the ten-year collection period. The IRS receives a full ten years to collect (plus six months), as the statute stops running while the automatic stay is in effect. The filing of a bankruptcy petition under Chapter 12 acts as an automatic stay that prohibits all entities from taking certain actions against the debtor and the debtor's property. 11 U.S.C. § 362. The automatic stay prohibited the IRS from taking any act to enforce a debt, a lien or judgment, or any act to obtain possession of property owned by the debtor or in the debtor's possession.

The statute of limitations on collection can be suspended under Section 6503(b), which provides for a suspension "for the period the assets of the taxpayer are in the control or custody of

---

26 U.S.C. § 6503(b).

[3] Pendleton actually refers to a docket entry from Max Schlicter's bankruptcy proceeding providing notice that date for the 341 creditors meeting was scheduled for April 28, 1992. The docket reflects, however, that the bankruptcy court continued the stay until a final hearing. (Doc. # 29, Order dated 5/6/1992). Following the 341 hearing, parties objected to the reorganization plan. Several months and objections later, an amended reorganization plan was submitted. The record further reflects that on August 2, 1994, the IRS moved to dismiss the case or, alternatively to convert it to a Chapter 7. The parties ultimately settled the matter of the conversion to Chapter 7 by agreed Order dated October 24, 1994. Shortly thereafter, Schlichter moved to dismiss the case, and his petition was dismissed on February 16, 1995. The bankruptcy court closed the matter on May 25, 1995.

the court in any proceeding before any court of the United States or of any State or of the District of Columbia and for 6 months thereafter." The phrase "any court of the United States" includes a bankruptcy court. Section 6503(h), however, became effective October 1, 1979 except as to proceeding brought under the Bankruptcy Act prior to October 1, 1979. Prior to revision, the present Section 6503(b) applied to bankruptcy cases. There are no explicit statements in the Internal Revenue Code, regulations, case law, or legislative history to the Bankruptcy Tax Act of 1980 that suggest that Section 6503(h) is the exclusive provision capable of effecting a tolling in a case under the bankruptcy code. Either provision may trigger a suspension. See Internal Revenue Service, Chief Counsel Advisory, IRS CCA 200522021, 2005 WL 1317505 (IRS CCA, June 3, 2005).

Pendleton has not demonstrated that only Section 6503(b) applies to suspend the collection period or that all or substantially all of the assets of Max Schlichter were released from the control or custody of the bankruptcy court on the date of the creditors' meeting on April 28, 1992. Indeed, Subsection (b), is inapplicable because the subject property was not in the custody of the bankruptcy court. Schlichter's bankruptcy was dismissed before he acquired his interest in the subject property.

Instead, the IRS was prevented by operation of the bankruptcy code from pursuing administrative collection procedures during the period Max Schlichter was in bankruptcy. Subsection (h) is the only applicable provision. Max Schlichter filed a petition under Chapter 12 of the Bankruptcy Code on March 23, 1992, and his petition was dismissed on February 16, 1995. Thus, Schlichter was in bankruptcy for 1,060 days, or 2 years, 10 months and 24 days. As the Court found, pursuant to 26 U.S.C. § 6503(h), the ten-year period of limitations for collection by the IRS was extended for this amount of time, plus an additional six months, for a total of 3 years, 4 months and 24 days. Pendleton's argument that the period of limitations was tolled for only thirteen months,

*i.e.*, the date of filing of the bankruptcy petition to the date of the 341 meeting of creditors on April 28, 1992 pursuant to 26 U.S.C. § 6503(b), is without merit. Pendleton has failed to demonstrate in this case that Section 6503(b) applies and that the IRS was permitted to collect on Schlichter's unpaid federal income taxes after the creditors in his bankruptcy case met on April 28, 1992.

Accordingly, Pendleton's Motion for Reconsideration (Doc. #65) is **DENIED.**

**IT IS SO ORDERED.**

12-14-2006
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**